# EXHIBIT A

Case Number: PC-2019-4384
Filed in Providence/Bristol County Superior Court
Submitted: 3/29/2019 11:34 AM
Envelope: 1995314
Reviewer: Alexa G.

| | |
|---|---|
| **STATE OF RHODE ISLAND**<br>**PROVIDENCE, SC** | **SUPERIOR COURT** |

| | | |
|---|---|---|
| JULIO COLON, | ) | |
| | ) | |
| *Plaintiff*, | ) | CA NO. |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| BAYVIEW LOAN SERVICING, LLC, | ) | JURY DEMANDED |
| FEDERAL HOME LOAN MORTGAGE | ) | |
| CORPORATION, FEDERAL HOUSING | ) | |
| FINANCE AGENCY, | ) | |
| | ) | |
| *Defendants*. | ) | |

## INTRODUCTION

1. This complaint arises from the Defendants Federal Home Loan Mortgage Corporation (Freddie Mac); Freddie Mac's conservator and regulator, the Federal Housing Finance Agency (FHFA); and Bayview Loan Servicing, LLC (Bayview), acting as an agent of Freddie Mac and FHFA, for wrongful foreclosure of the mortgage at issue and sale of subject property due to Defendants failure to provide Plaintiffs the opportunity for meaningful hearings, as required by the Due Process clause of the Fifth Amendment to the Constitution of the United States. Therefore, the foreclosure and mortgagee's sale of the Plaintiffs mortgage and property are void. Additionally, the Defendants foreclosed the subject matter mortgage and sold the subject property at mortgagee's foreclosure sale in breach of the mortgage contract for failing to provide proper Notice of Default pursuant to and in accordance with the terms as stated in the mortgage.

2. The Plaintiffs' seek declaratory relief, injunctive relief, actual, monetary, punitive and exemplary damages, restitution, an accounting, attorney's fees and costs, and all other relief as provided by law for Defendants wrongful acts.

1

## JURISDICTION AND VENUE

3. Venue is proper in this Court in that a substantial part of the events or omissions giving rise to this claim have occurred, and the real property that is the subject of the action is situated within the State of Rhode Island.

4. Plaintiff claims ownership of his rightful property and seeks to clear his title of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4, or in the alternative seek actual, exemplary, punitive, and monetary damages for the Defendants breach of the mortgage contract.

5. Plaintiff claims a judicial determination pursuant to R.I.G.L. § 9-30-2 whether the deed to his property is affected by any conveyance of another person in the chain of title.

## PARTIES

6. Plaintiff Julio Colon is a citizen of Rhode Island and is the rightful owner of 34 Rutland Street, Woonsocket, RI 02895.

7. Defendant, Federal Housing Finance Agency (FHFA), is an independent agency of the United States Federal Government established pursuant to 12 U.S.C. S 4511 *et seq*. FHFA is located at 400 7th St SW, Washington, DC 20024.

8. Defendant, Federal Home Loan Mortgage Corporation (Freddie Mac), is a corporation organized under the laws of the United States by special charter, to serve the important governmental objectives of providing stability in the secondary mortgage market. Freddie Mac is located at 801 Pennsylvania Avenue, NW #335, Washington, DC 20004.

9. Defendant, Bayview Loan Servicing, LLC (Bayview), is a mortgage originator, lender and servicer located at 4425 Ponce de Leon Boulevard, 5th Floor, Coral Gables, FL 33146.

2

10. At all times referenced herein, the Defendants acted in concert with one another, had knowledge of and were aware of the actions of each other as noted herein.

## FACTS

11. On October 29, 1998, Plaintiff was granted ownership of the subject property located at 34 Rutland Street, Woonsocket, RI 02895. The deed evidencing said transfer was recorded in the City of Woonsocket Clerk's Office Land Evidence Records in Book 1085 at Page 205 on October 29, 1998.

12. On November 20, 2007, Plaintiff executed a putative promissory note and putative mortgage deed in favor of Washington Mutual Bank as Lender in the sum of Two Hundred Seventy Thousand and 00/100 Dollars ($170,000.00). (the "Colon Mortgage/Note"). The Colon Mortgage was recorded in the City of Woonsocket Clerk's Office Land Evidence Records in Book 1713 at Page 326 on December 17, 2007. The Colon Mortgage & Note were ultimately sold/transferred to Freddie Mac.

13. The Colon Mortgage states at paragraph 22, in pertinent part as follows;

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument...The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section

3

> 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.
>
> If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

14. Paragraph 22 of the Colon Mortgage requires that prior to acceleration and foreclosure the Defendant is required to send the Plaintiff a Default Notice which informs said Plaintiff that he has a "right to reinstate after acceleration". The "right to reinstate after acceleration" contained in the Colon Mortgage is described in Paragraph 19 of the Mortgage as follows:

> 19. Borrower's Right to Reinstate After Acceleration. If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time *prior to the earliest of: (a) five days before* the sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of judgment enforcing this Security Instrument. Those *conditions* are that Borrower: (a) *pays Lender all sums which then would be due* under this Security Instrument and the Note *as if no acceleration had occurred*; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following

4

forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. *Upon reinstatement* by Borrower, this Security Instrument and *obligations* secured hereby *shall remain fully effective as if no acceleration had occurred*. However this right to reinstate shall not apply in the case of acceleration under Section 18."

(emphasis added)

15. On September 6, 2008 the Director of FHFA placed Freddie Mac under the conservatorship of FHFA, effectively giving control of Freddie Mac to the U.S. Government and making Freddie Mac a U.S. Government actor. Freddie Mac is presently still under the conservatorship of FHFA.

16. On October 7, 2014, the FDIC, acting as Receiver of Washington Mutual Bank, assigned the Colon Mortgage to JPMorgan Chase Bank, N.A. Said assignment of mortgage was recorded in the City of Woonsocket Clerk's Office Land Evidence Records in Book 2119 at Page 286 on October 21, 2014.

17. On October 7, 2014, JPMorgan Chase Bank, N.A. assigned the Colon Mortgage to Freddie Mac. Said assignment of mortgage was recorded in the City of Woonsocket Clerk's Office Land Evidence Records in Book 2119 at Page 287 on October 21, 2014.

18. On June 30, 2016, JPMorgan Chase Bank, N.A. assigned the Colon Mortgage to Bayview. Said assignment of mortgage was recorded in the City of Woonsocket Clerk's Office Land Evidence Records in Book 2240 at Page 183 on September 27, 2016. Said assignment is void as JPMorgan Chase Bank, N.A had previously assigned the Colon Mortgage to Freddie Mac on October 7, 2014, and thus had nothing to assign.

19. On or about November 15, 2018, Bayview, acting on behalf of Freddie Mac and FHFA, caused a Notice of Mortgagee's Foreclosure Sale to be sent to the Plaintiff.

20. On or about January 2019, the Defendants foreclosed the Colon Mortgage and sold the subject property at foreclosure auction.

21. The Plaintiff alleges that Freddie Mac is an agency or instrumentality of the United States for the purpose of individual rights guaranteed against the federal government by the United States Constitution. (See: <u>DOT v. Ass'n of Am. R.R.</u> 135 S. Ct. 1225, 1232-1233 (U.S. 2015); <u>Lebron v. National Railroad Passenger Corp.</u>. 513 U.S. 374 (1995))

22. Bayview, Freddie Mac, and FHFA jointly violated the Fifth Amendment procedural due process rights of the Plaintiff by conducting a non-judicial foreclosure and sale pursuant to R.I.G.L. § 34-27, *et seq*. without first providing a meaningful hearing prior to the deprivation of property and an opportunity to recover adequate damages.

52. Further, Plaintiff herein alleges that prior to acceleration and prior to the foreclosure, the Defendants never sent and they never received notice in accordance with paragraph 22 of the mortgage, which provided them with notice of "a) default; b) the action required to cure the default; c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and d) that failure to cure the default on or before the date….may result in acceleration". The notice further should have informed the Plaintiff, with specificity, that he has a "right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense".

24. Plaintiff further alleges that any notice sent purporting to state compliance with paragraph 22 of the Colon Mortgage failed to contain the required information as described in said paragraph and further failed to state with specificity the conditions Plaintiff is required to meet in order to exercise his right to reinstate the mortgage after acceleration pursuant to paragraph 19 of the Colon Mortgage, such as the fact that he had only up and until 5 (five) days prior to the scheduled

Case Number: PC-2019-4384
Filed in Providence/Bristol County Superior Court
Submitted: 3/29/2019 11:34 AM
Envelope: 1995314
Reviewer: Alexa G.

foreclosure sale to reinstate. Failure of Defendants to inform Plaintiff of said limitation is deceptive and misleading and is a further breach of the Colon Mortgage.

25. As such, the Defendants failed to provide Plaintiff proper Notice of Default, in breach of the Colon Mortgage contract, failed to first comply with the terms of the mortgage prior to exercising the power of sale, and deprived Plaintiff of his Fifth Amendment rights to Due Process, rendering any foreclosure defective, ineffectual, and void.

## COUNT I
## DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS

26. Plaintiff repeats and reincorporates by reference all paragraphs above as if fully articulated herein.

27. In April 2011, FHFA created the Servicer Alignment Initiative (SAI), by which FHFA directs the actions taken by Freddie Mac's mortgage servicers when servicing a delinquent mortgage loan, in order to maximize the financial benefits to Freddie Mac.

28. The SAI requires third party servicers of Freddie Mac mortgages to use non-judicial foreclosure procedures when foreclosing on residential properties in Rhode Island. The foreclosure policy in the SAI requires servicers of Freddie Mac loans to foreclose on properties without a pre-deprivation hearing in violation of the Due Process Clause of the Fifth Amendment.

29. Pursuant to the foreclosure policy in the SAI, Bayview, Freddie Mac, and FHFA acted jointly to deprive the Plaintiffs of their ownership rights in property by conducting a foreclosure sale pursuant to R.I.G.L. § 34-27, *et seq.* which authorizes mortgagees to foreclose the rights of an equitable title holder without judicial process or the opportunity to be heard before foreclosure and sale.

30. When used by federal government actors, such as Freddie Mac and FHFA, the procedures of R.I.G.L. § 34-27, *et seq.* do not satisfy the Due Process Clause of the Fifth Amendment before

7

Case Number: PC-2019-4384
Filed in Providence/Bristol County Superior Court
Submitted: 3/29/2019 11:34 AM
Envelope: 1995314
Reviewer: Alexa G.

depriving an owner of his/her property. Specifically, R.I.G.L. § 34-27, *et seq.* does not provide for adequate notice, an opportunity to be heard before the deprivation of property, or opportunity to recover appropriate damages for improper deprivation of property.

31. Pursuant to the Due Process Clause of the Fifth Amendment to the United States Constitution, Freddie Mac and FHFA, as agencies and/or instrumentalities of the federal government, owed a higher degree of notice and hearing to the Plaintiff than is provided by Rhode Island General Laws before depriving Plaintiff of his property.

32. The Plaintiff has a significant property interest at stake. Foreclosure and sale of the of the Colon Mortgage and subject property permanently deprives the Plaintiff of his ownership, possession, and use of said property; clouds the title; impairs ability to sell, rent, or otherwise alienate property; taints Plaintiff's credit ratings; reduces chances of the Plaintiff obtaining future loans or mortgages; and jeopardizes the Plaintiff's security in dwelling places.

33. There is significant risk of erroneous deprivation of the Plaintiff's interests through procedures used by Freddie Mac, and FHFA pursuant to R.I.G.L. § 34-27, *et seq.*

34. To prevent erroneous deprivation of property, the Due Process Clause of the Fifth Amendment to the United States Constitution requires agencies and/or instrumentalities of the federal government, such as Freddie Mac and FHFA, to provide the Plaintiff an opportunity to be heard at a meaningful time on, inter alia, any challenge to the true ownership of the Note; any challenge to Freddie Mac's and/or FHFA's authority to foreclose on behalf of the owner of the Note; any challenge to Freddie Mac's and/or FHFA's determination of default under the Note and Freddie Mac's and/or FHFA's calculation of deficiency; any challenge to Freddie Mac's and/or FHFA's determination that the Plaintiff is not eligible for a loan modification, a repayment, or other homeowner assistance option; the opportunity to refinance or reinstate through other sources

of funding; whether Freddie Mac and/or FHFA acted in good faith; and any challenge to Freddie Mac's and/or FHFA's compliance with applicable notice procedures.

35. The government's financial interest in obtaining ownership, possession, and use of the property of the Plaintiff is minimal.

36. There are no exigent circumstances that would justify the lack of a pre-deprivation hearing, nor would a meaningful hearing before a neutral party impose significant fiscal or administrative burdens.

37. FHFA's foreclosure policy in the SAI violates the Due Process Clause of the Fifth Amendment in that it requires servicers of Freddie Mac loans to deprive homeowners like the Plaintiff of their property through the use of non-judicial foreclosure proceedings, which do not provide for a hearing prior to the deprivation of the homeowners' property interest.

38. Bayview, Freddie Mac, and FHFA jointly violated the Fifth Amendment procedural due process rights of the Plaintiff by conducting a non-judicial foreclosure and sale pursuant to R.I.G.L. § 34-27, *et seq*. without first providing adequate notice, a meaningful hearing prior to the deprivation of property, and an opportunity to recover adequate damages.

39. As a direct and proximate result of Bayview's, Freddie Mac's, and FHFA's violation of the Plaintiff's due process rights, the Plaintiff has suffered damages including harm to his credit; costs and expenses of foreclosure and sale added to his account; loss of equity; expenses due to postage, mailing, and long distance telephone calls; an impairment of their ability to sell, rent, or otherwise alienate his property; and having his security in dwelling places jeopardized.

40. The Plaintiff is entitled to a declaratory judgment determining that the acceleration of all sums due under the note, the foreclosure, and mortgagee's foreclosure sale of the subject property, are in violation of the Fifth Amendment procedural due process rights of the Plaintiff and are therefore void.

9

41. The Plaintiff is entitled to an injunction preventing the transfer of the right, title, and interest in his property.

42. The Plaintiff is entitled to cancellation costs and fees assessed to him for wrongful foreclosure, together with additional damages.

43. The Plaintiff is entitled to be returned to his status and circumstances prior to the wrongful foreclosure and sale, including, but not limited to, the rescission of the foreclosure, voiding of the foreclosure deed, and a quieting of the title to the subject property.

44. The Plaintiff is entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by law.

## COUNT II
### BREACH OF CONTRACT AND FAILURE TO COMPLY WITH CONDITIONS PRECEDENT TO EXERCISE THE STATUTORY POWER OF SALE

45. Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

46. As described above, the mortgage contract entered into by Plaintiff constitutes a valid offer.

47. Upon Plaintiff executing the mortgage contract and giving it to his Lender, the Lender accepted that offer.

48. Alternatively, Plaintiff's execution of the mortgage contract thereby giving a security interest in his property to his Lender constitutes an offer. Acceptance of that offer occurred when Defendants accepted payments made by Plaintiff pursuant to the mortgage contract.

49. The mortgage contract was supported by consideration. Plaintiff's payments to Defendants constitutes consideration.

50. Plaintiff and Defendants thereby formed a valid contract and Plaintiff was, is, and remains ready willing and able to perform under said contract.

51. Defendants breached the mortgage contract of Plaintiff by failing to keep their obligations pursuant to the terms as agreed to found at paragraphs 19 & 22 of the Colon Mortgage as noted herein above

52. In Rhode Island, a contract containing an obligation of the Lender is construed as a condition precedent, which requires strict compliance.

53. In Rhode Island, a mortgagee agreeing to abide certain obligations pursuant to the mortgage before acceleration, foreclosure, and sale, must adhere to those obligations, with the level of specificity as agreed.

54. In Rhode Island, the power to sell by foreclosure sale is derived from the mortgage and statute, and strict compliance with the requirements of paragraphs 19 & 22 of the mortgage is an obligation of the mortgagee. Failure send proper Notice of Default pursuant to paragraphs 22 & 19 as noted herein is a breach of mortgage contract renders any acceleration, attempted foreclosure, and sale of the subject property void.

55. Plaintiff has alleged herein above that prior to acceleration and prior to the foreclosure, the Defendants never sent and they never received notice in accordance with paragraph 22 of the mortgage, which provided them with notice of "a) default; b) the action required to cure the default; c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and d) that failure to cure the default on or before the date….may result in acceleration". The notice further should have informed the Plaintiff, with specificity, that he has a "right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense".

56. Plaintiff has further alleged herein above that any notice sent purporting to state compliance with paragraph 22 of the Colon Mortgage failed to contain the required information as described

11

Case Number: PC-2019-4384
Filed in Providence/Bristol County Superior Court
Submitted: 3/29/2019 11:34 AM
Envelope: 1995314
Reviewer: Alexa G.

in said paragraph and further failed to state with specificity the conditions Plaintiff is required to meet in order to exercise his right to reinstate the mortgage after acceleration pursuant to paragraph 19 of the Colon Mortgage, such as the fact that he had only up and until 5 (five) days prior to the scheduled foreclosure sale to reinstate. Failure of Defendants to inform Plaintiff of said limitation is deceptive and misleading and is a further breach of the Colon Mortgage.

57. As such, the Defendants failed to provide Plaintiff proper Notice of Default, in breach of the Colon Mortgage contract and failed to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any foreclosure defective, ineffectual, and void.

58. There was no compliance with the terms of the mortgage which would have allowed the Defendant to exercise the statutory power of sale as indicated above.

59. No default letter was sent to Plaintiff pursuant to the terms of the mortgage. As such the Defendants could not exercise the statutory power of sale. Further any Default Notice was deceptive and misleading for failure to state with specificity the limitations regarding Plaintiff's right to reinstate the mortgage.

60. Pursuant to the terms of the mortgage proper Notice of Default is a condition precedent to acceleration and the exercise of the statutory power of sale.

61. Plaintiff thus never received an acceleration notice pursuant to the terms of his mortgage.

62. Due to this failure to comply with the terms of the mortgage, no entity was contractually authorized to exercise the statutory power of sale, foreclose, and sell the subject property at mortgagee's foreclosure sale. These actions constituted a breach of contract, resulting in damages to the Plaintiffs.

63. As a result of the above noted improper and invalid exercise of the statutory power of sale and purported foreclosure sale, Plaintiff's mortgage loan account was charged fees and costs and

Case Number: PC-2019-4384
Filed in Providence/Bristol County Superior Court
Submitted: 3/29/2019 11:34 AM
Envelope: 1995314
Reviewer: Alexa G.

expenses for certified mail, advertising costs, legal fees, auctioneer costs and other charges which were reflected in their monthly mortgage statements.

64. The Plaintiff has incurred damages of loss of property interest and in hiring an attorney, in regard to the improper actions of Defendants in sending a Notice of Foreclosure Sale and conducting a sale without first complying with the terms of the mortgage in breach of contract.

65. Plaintiff has also incurred emotional injuries and damages due to the improper foreclosure of his home without Defendants first complying with the terms of the mortgage and breach of contract.

66. Plaintiff has suffered harm and is threatened with additional harm from Defendants breach, including but not limited to loss of property interest, higher principle balance, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to him, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default, and increased accrued interest.

67. The Defendants breach of contract and failure to comply with terms of the mortgage as noted herein above, are the direct cause of the harms alleged herein and not Plaintiff's failure to make his mortgage payments.

68. Therefore, Plaintiff would not have suffered foreclosure, sale, or the harms as noted herein were it not for the Defendants breach of the mortgage contract as noted herein.

69. Plaintiff was, is, and remains ready, willing, and able to perform under the contract.

70. The Plaintiff is entitled to a declaratory judgment determining that the acceleration of all sums due under the note, the foreclosure, and mortgagee's foreclosure sale of the subject property are in breach of contract and all void.

Case Number: PC-2019-4384
Filed in Providence/Bristol County Superior Court
Submitted: 3/29/2019 11:34 AM
Envelope: 1995314
Reviewer: Alexa G.

71. Plaintiff is entitled to injunctive relief enjoining the Defendants from any conveyance of the subject property.

72. Plaintiff is entitled to be restored to his circumstances prior to the wrongful acceleration, foreclosure and sale including, but not limited to, a rescission of the foreclosure and sale.

73. The Plaintiff is entitled to cancellation costs and fees assessed to him for wrongful foreclosure, together with additional damages.

74. Plaintiff is entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law

March 29, 2019

                                                                                                  Respectfully Submitted,
                                                                                                  Plaintiff, By his Attorney,

*/s/ Corey J. Allard*
50 Power Road, 2nd Floor
Pawtucket, RI 02860
(401) 338-6381
callard@allardlaw.com