UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JULIO COLON,
    Plaintiff,
v.

BAYVIEW LOAN SERVICING, LLC,
FEDERAL HOME LOAN MORTGAGE
CORPORATION, AND FEDERAL
HOUSING FINANCE AGENCY,
    Defendants.

Civil Action No. 1:19-cv-00517-WES-PAS

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
BAYVIEW LOAN SERVICING, LLC'S MOTION TO DISMISS**

### I.    INTRODUCTION

This Court should dismiss Julio Colon's ("Colon" or "Plaintiff"), Complaint challenging the foreclosure of property located at 34 Rutland Street, Woonsocket, Rhode Island ("Property") because Colon surrendered the Property in a bankruptcy petition he filed in the United States Bankruptcy Court for the District of Rhode Island, In re Colon, Docket No. 18-bk-10513. Colon's attempt to assert rights in the Property through this action is diametrically opposed to the position he advanced in the prior-filed bankruptcy proceeding. There, Colon obtained a Chapter 7 discharge in exchange for withdrawing all rights to the Property. Bayview Loan Servicing, LLC ("Bayview"), requests that this Court dismiss Colon's Complaint under the doctrine of judicial estoppel, preventing Colon from arguing a position opposite to that which he argued in the bankruptcy court for purposes of a discharge. Moreover, no contractual agreement exists between Colon and Bayview. Accordingly, Colon's breach of contract claim as to Bayview, specifically, fails to state a claim for relief. Furthermore, Colon has not served Bayview with the

Complaint. Thus, the Complaint should be dismissed for insufficiency of process and insufficiency of service of process. In further support of the Motion to Dismiss, Bayview submits the following:

## II.   STATEMENT OF ALLEGATIONS[1]

Pursuant to Fed. R. Civ. P. 10(c), Bayview hereby adopts by reference the statements set forth in the *Memorandum of Law in Support of Defendant Federal Housing Finance Agency and Federal Home Loan Mortgage Corporation's Motion to Dismiss*, Pleading No. 6, at §§II (A) – (C), and hereby adopts by reference any exhibits attached to that pleading. Additionally, Bayview states that Colon has not served Bayview with the Complaint[2], as reflected by the fact that Plaintiff has not filed a return of service.

## III.   LEGAL ARGUMENT

Pursuant to Fed. R. Civ. P. 10(c), Bayview hereby adopts by reference the statements and arguments set forth in the *Memorandum of Law in Support of Defendant Federal Housing Finance Agency and Federal Home Loan Mortgage Corporation's Motion to Dismiss*, Pleading No. 6, at §§III (A) – (B), and hereby adopts by reference any exhibits attached to that pleading.

Bayview, in addition to joining and adopting Federal Housing Finance Agency ("FHFA") and Federal Home Loan Mortgage Corporation's ("Freddie Mac") Rule 12(b)(6) Motion as to Counts I and II, argues an additional ground for the dismissal of Count II, as to Bayview. In order to validly plead a claim for breach of contract against Bayview, Colon must allege he had an expressed or implied contractual agreement with Bayview. Pickett v. Ditech Financial, LLC, 322 F.Supp.3d 287, 293 (D.R.I. 2018). "As a general principal, a mortgage servicer is not a

---

[1] All facts drawn from the Complaint are assumed true solely for the purpose of arguing the instant motion to dismiss.

[2] Exhibit A: *Affidavit of Iraida Schwartz*.

party to a mortgage contract." Id.  See Dill v. Am. Home Mortg. Servicing, Inc., 935 F.Supp.2d 299, 303 (D. Mass. 2013); Mudge v. Bank of Am., N.A., Civil No. 13-cv-421, 2015 WL 1387476, at *5 (D.N.H. Mar. 25, 2015); Ayoub v. CitiMortgage, Inc., Civil Action No. 15-CV-13218-ADB, 2018 WL 1318919, at *7 (D. Mass. Mar. 14, 2018); James v. GMAC Mortg. LLC, 772 F.Supp.2d 307, 315 (D. Me. 2011); see also Moore v. Mortg. Elec. Reg. Sys., Inc., 848 F.Supp.2d 107, 127 (D.N.H. 2012); Chanthavong v. John Doe Corp., No. CA 10-211S, 2012 WL 6840496, at *3 (D.R.I. Nov. 19, 2012) (collecting cases); Mazzei v. The Money Store, 308 F.R.D. 92, 110 (S.D.N.Y. 2015) ("A significant majority of courts have concluded that loan servicers are not in privity of contract with mortgagors where the servicers did not sign a contract with the mortgagors or expressly assume liability.").  Here, there are absolutely no allegations that Bayview ever signed a contract with Colon or expressly assumed liability.  Accordingly, Colon's breach of contract claim against Bayview fails to state a claim for relief.

Finally, to date, Colon has not served the Complaint on Bayview.  Bayview asserts that the Complaint deserves dismissal, pursuant to Fed. R. Civ. P. 12(b)(4) and 12 (b)(5), for insufficiency of process and insufficiency of service of process.  Notwithstanding these grounds for dismissal, Bayview relies in the first instance on its substantive arguments for dismissal, and in the second instance on its procedural arguments for dismissal.

### IV.   CONCLUSION

For the foregoing reasons and authorities, Bayview Loan Servicing, LLC respectfully moves this Court to dismiss Plaintiff Julio Colon's Complaint based on:  (1) principles of judicial estoppel, (2) failure to otherwise state a claim, and (3) insufficiency of process and insufficiency of service of process.

        Respectfully submitted,

        BAYVIEW LOAN SERVICING, LLC

        */s/ Amy Magher*
        Amy Magher, Esq. – Bar No. 9241
        Michienzie & Sawin LLC
        745 Boylston Street, Suite 501
        Boston, MA   02116
        Tel. 617-227-5660
        amagher@masatlaw.com

Dated:  November 14, 2019

## CERTIFICATION OF SERVICE

I, Amy Magher, hereby certify that on November 14, 2019, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as nonregistered participants on November 14, 2019.

        /s/ Amy Magher
        Michienzie & Sawin, LLC

{00436177.DOCX}