# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

**Julio Colon**

    VS.                                                                                                                                         C.A. NO. 19-517

**Bayview Loan Servicing, LLC**

## PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION TO DISMISS

The Plaintiff Julio Colon, hereby objects to Defendants' Motion to Dismiss because when accepting the Plaintiffs' factual allegations as true and when viewing the factual allegations in the light most favorable to the Plaintiffs, Defendants have failed to demonstrate that Defendants sent the Plaintiff a notice of default that strictly complies with Paragraph 22 of the Mortgage, which is a necessary condition precedent to Defendant's right to foreclose.

## FACTUAL ALLEGATIONS

The Plaintiff's Complaint seeks a Declaratory Judgment that the acceleration, foreclosure, and mortgagees foreclosure sale are in breach of paragraphs 22 and 19 the mortgage contract. Plaintiff is a citizen of Rhode Island claiming to be the rightful owner of 34 Rutland Street, Woonsocket, RI 02895 which is the "subject property" referenced herein. On November 20, 2007, Plaintiff executed a promissory note and mortgage deed in the sum of One Hundred and Seventy Thousand Dollars ($170,000.00) in favor of Washington Mutual Bank. ("Colon Mortgage/Note"). The Colon Mortgage was recorded in the Woonsocket Land Evidence in Book 1713, at page 326.

The Colon Mortgage states at paragraph 22 as follows;

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.  If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

Paragraph 22 of the Colon Mortgage requires that prior to acceleration and foreclosure the Defendants are required to send the Plaintiffs a Default Notice which informs said Plaintiffs that he has a "right to reinstate after acceleration".  The "right to reinstate after acceleration" contained in the Colon Mortgage is described in Paragraph 19 of the Mortgage as follows:

> 19. Borrower's Right to Reinstate After Acceleration.  If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before the sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of

> judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However this right to reinstate shall not apply in the case of acceleration under Section 18."

Since the Plaintiff had no record, memory or evidence of receiving a default letter, and since it has become a common problem for foreclosing Lenders to fail to include all of the required information in the Default Letter in accordance with Paragraph 22 of most standard mortgages, Plaintiff also alleged in his Complaint at Paragraph 25, "As such, the Defendants failed to provide Plaintiff proper Notice of Default, in breach of the Colon Mortgage contract, failed to first comply with the terms of the mortgage prior to exercising the power of sale, and deprived Plaintiff of his Fifth Amendment rights to Due Process, rendering any foreclosure defective, ineffectual, and void. In January 2019, Defendants conducted a foreclosure auction on the Plaintiffs' property. Defendants have not recorded a foreclosure deed.

Plaintiff herein alleges that prior to acceleration and prior to the foreclosure Defendants never sent and Plaintiff never received notice in accordance with paragraph 22 of the mortgage,

stating, "a) existence of default; b) the action required to cure the default; c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; d) that failure to cure the default on or before the date….may result in acceleration"; e) informing Plaintiffs of his "right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense"; and f) the conditions Plaintiffs is required to meet in order to exercise his right to reinstate the mortgage after acceleration pursuant to paragraph 19 of the Colon Mortgage. As such, the Defendant failed to provide Plaintiffs proper Notice of Default in breach of the Colon Mortgage contract.

## STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept as true the well-pled factual allegations of the complaint and draw all reasonable inferences in favor of the plaintiff. <u>Cook v. Gates</u>, 528 F.3d 42, 48 (1st Cir.2008); <u>McCloskey v. Mueller</u>, 446 F.3d 262, 266 (1st. Cir. 2006. To withstand a "motion to dismiss, a complaint must allege 'a plausible entitlement to relief'" <u>ACA Fin. Guar. Corp. v. Advest, Inc.</u>, 512 F.3d 46, 58 (1st Cir. 2008)(quoting <u>Bell Atl. Corp. v. Twobley</u>, 550 U.S. 544, 127 S.Ct. 1955, 1967-69 (2007)); see also <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678-87 (2009). "A plaintiff . . . is . . . required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." <u>Gooley v. Mobil Oil Corp</u>., 851 F.2d 513, 515 (1st Cir. 1988).

# **ARGUMENT**

First and foremost Plaintiff has denied in his Complaint that the Defendants sent and that Plaintiff ever received the required notice under paragraph 22 of the mortgage. (See Plaintiffs' Complaint). The Defendants' have not provided any evidence of a notice purporting to comply with paragraph 22 of the mortgage. Therefore, the Court has been presented with conflicting statements which at this stage the Plaintiff avers is premature for dismissal. As set forth in the Plaintiffs' Complaint, Defendants were not entitled to foreclose because they did not comply with paragraph 22 of the Mortgage. It has become standard foreclosure law throughout Rhode Island and the First Circuit that in order to properly exercise the power of sale, a mortgagee and its servicer must strictly follow the terms of the Mortgage contract. In paragraph 22 of the Mortgage, Defendants agreed to not accelerate or foreclose prior to sending a required Default Notice that included informing the Plaintiff that he had "the right to reinstate after acceleration".

Rhode Island courts have required strict compliance with the terms of the mortgage when exercising the power of sale. "The power to sell under a mortgage or deed of trust is a matter of contract between the mortgagor and mortgagee under the conditions expressed in the instrument, and does not exist independently of it." *Bucci v. Lehman Bros. Bank*, 68 A.3d 1069, 1084-1085 (R.I. 2013) quoting 55 Am. Jur. 2d Mortgages § 472 at 202 (2009). A notice of foreclosure sale "must comply with both the statutory requirements, as well as requirements set forth in the mortgage instrument . . . . [A] foreclosing mortgagee's failure to comply with certain notice requirements contained in the Mortgage and in the pertinent state statute will invalidate a foreclosure sale." *USA Residential Properties, LLC v. Dilibero*, C.A. No. KD 2013-0174, at *6 n.2 (April 3, 2013; Rubine, J.), citing 55 Am. Jur. 2d Mortgages § 508, 511 & n.3 (2009).

The Rhode Island Supreme Court has interpreted mortgage related terms in a similar fashion as the Supreme Judicial Court of Massachusetts, and often looks to Massachusetts law when necessary to resolve mortgage foreclosure issues. See, e.g., *Cruz v. Mortg. Elec. Registration Sys*., 108 A.3d 992 (R.I. 2015) (relying on cases from United States Court of Appeals for the first Circuit that originated in Massachusetts and applied Massachusetts law); *Bucci v. Lehman Bros. Bank*, 68 A.3d 1069, 1086-87 (R.I. 2013) (reviewing foreclosure-related Massachusetts statutes and cases). Thus, the decisions of the Supreme Judicial Court of Massachusetts and Massachusetts Appeal Court should be given great weight when interpreting the requirements of paragraph 22 of the Mortgage in this case.

In *Pinti v. Emigrant Mort. Co*., 472 Mass. 226 (2015), the Massachusetts Supreme Judicial Court invalidated a foreclosure that occurred years earlier even as against a third party purchaser for failure to strictly adhere to a default notice requirement contained in the mortgage. The Pinti Court held that terms of a mortgage relating to a mortgagee's exercise of the power of sale "must be strictly complied with" (See 472 Mass. At 240). Likewise the United States Court for the District of Rhode Island has followed the logic and reasoning of Pinti by invalidating a foreclosure for a similar reason in the case of *Delinda Martins v. Federal Housing Finance Agency, et al*. (1:15cv-00235-M-LDA October 11, 2016). The Martins the Court reasoned that paragraph 22 is a "condition precedent" to acceleration and the power of sale contained in the mortgage that expressly preconditioned acceleration and foreclosure on compliance with Paragraph 22. Furthermore, the Martins decision set forth that "in real estate contracts, when required notice fails to specify particular dates, inform the borrower of his or her right to reinstate a loan acceleration . . . that notice is insufficient" (emphasis added) (citing *In Re Demers*, 511 B.R. at 239; *Hedco, Ltd. V. Blanchette*, 763 A.2d 639, 642, 643 (R.I. 2000) (failing

to specify the termination date in a lease by providing the exact date by which tenant could pay was fatal to required notice); see also 55 Am. Jur. 2d Mortgages § 539 ("Because . . . power to sell . . . by foreclosure sale is derived from the deed of trust and statute, strict compliance with the notice requirements is considered a prerequisite . . . and non compliance with these requirements can render a foreclosure sale void.").

## CONCLUSION

This case derives from the mortgage contract itself and the Defendant's breach of that mortgage contract. <u>Bucci v. Lehman Bros. Bank, FSB</u>, 68 A.2d 1069, 1084, 1085 (R.I. 2013) <u>Pinti v. Emigrant Mortgage Company, Inc</u>., 472 Mass 226, 232 (Mass. 2015). The Plaintiffs' complaint sets forth the following: In Rhode Island the Power of Sale derives from the mortgage contract<u>. Bucci v. Lehman Bros. Bank</u>, 68 A.3d 1069, 1084-1085 (R.I. 2013). Furthermore, the terms of a mortgage contract must be strictly adhered to in order to invoke the Statutory Power of Sale. The Defendants breached the mortgage contract by failing to include the conditions and specific deadlines for the Plaintiff to invoke his right to reinstate after acceleration. The Plaintiff suffered loss, namely loss of his property, due to the Defendant's breach of paragraph 22 of the mortgage contract. Therefore, the Defendant's motion for declaratory judgement must be denied.

                                                Plaintiff
                                                By his Attorney,

                                                /s/ Corey J. Allard, Esq.
                                                _____
                                                Corey J. Allard, Esq. (#7476)
                                                50 Power Road, 2nd Floor
                                                Pawtucket, RI 02860
                                                (401) 338-6381

# **CERTIFICATION**

      I hereby certify that on February 26 2020, I e-filed the within entry with the CM/ECF system.

      /s/ Corey J. Allard, Esq.

_____