UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JULIO COLON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BAYVIEW LOAN SERVICING, LLC,<br>FEDERAL HOME LOAN MORTGAGE<br>CORPORATION and FEDERAL<br>HOUSING FINANCE AGENCY,<br><br>　　　　Defendants. | CIVIL ACTION NO. 1:19-cv-00517-WES-PAS |

## **DEFENDANTS' REPLY TO PLAINTIFF'S**
## **OPPOSITION TO MOTION TO DISMISS**

### **INTRODUCTION**

Plaintiff, Julio Colon (the "Plaintiff"), fails to address the grounds for dismissal raised by Defendants Federal Home Loan Mortgage Corporation ("Freddie Mac") and Federal Housing Finance Agency ("FHFA," together with Freddie Mac, the "Defendants")—namely, that judicial estoppel bars him from pursuing a challenge to the foreclosure of property he surrendered in a prior bankruptcy petition. Plaintiff has no response to the Defendants' argument that he obtained a discharge of all debts, including the debt secured by the mortgage at issue in this case, by agreeing to and accepting the Defendants' foreclosure. Instead, Plaintiff claims non-compliance with Paragraph 22 of his mortgage without any factual allegations or basis to challenge a strictly compliant Notice of Default issued prior to foreclosure. The notice sent to the Plaintiff—on review of the face alone—demonstrates the absence of legal grounds to pursue a complaint challenging foreclosure.

**LEGAL ARGUMENT**

    1.    <u>Review of the Notice of Default Refutes Plaintiff's Compliance Challenge.</u>

In opposition to Defendant's Motion to Dismiss, Plaintiff argues that Defendants' failure to comply with Paragraph 22 of Plaintiff's mortgage provides valid grounds to deny Defendants' Motion to Dismiss.[1] Putting aside the absence of any basis Plaintiff has or can provide to oppose Defendants' judicial estoppel argument, the Notice of Default Defendant Bayview Loan Servicing, LLC ("Bayview") sent to Plaintiff disposes of any claim Plaintiff could raise that the Defendants failed to comply with Paragraph 22 of Plaintiff's Mortgage.

This Court may review the Notice of Default on a motion to dismiss without converting this motion to a summary judgment proceeding because the document is indisputably central to the Plaintiff's Complaint. In *Beddall v. State St. Bank and Trust Co.*, 137 F. 3d 12 (1st Cir. 1998), the First Circuit Court of Appeals affirmed dismissal of State Street Bank from an ERISA lawsuit on review of the trust agreement plaintiffs relied upon to claim breach of fiduciary duty. The Court reviewed the agreement even though plaintiffs did not attach the agreement to the complaint because "[w]hen…a complaint's factual allegations are expressly linked to- and admittedly dependent upon- a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." *Id*. at 17. Broadly speaking, the First Circuit, on review of bald assertions, has concluded that federal courts are permitted to consider not only a complaint but documents fairly incorporated within it on the axiom that "a writing is the best evidence of its contents." *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 15 (1st Cir. 2003). In *Pemental*

---

[1] The Defendants reincorporate the Statement of Allegations section of the Motion to Dismiss. (ECF No. 6.) The Plaintiff's mortgage is recorded in the City of Woonsocket Land Evidence Records in Book 1713, Page 326. (*Id.*)

*v. Bank of N.Y. Mellon*, C.A. No. 16-483, 2017 U.S. Dist. LEXIS 122971 at *8 fn. 8 (D.R.I. May 10, 2017), this Court, on review of a motion to dismiss, considered a notice of default incorporated by reference into the plaintiff's complaint because plaintiff obliquely referred to the notice in the pleading. *See also Half Moon Ventures, LLC v. Energy Dev. Partners, LLC,* C.A. No. 18-685-JJM-PAS, 2019 U.S. Dist. LEXIS 84229 (D.R.I. May 20, 2019) ("When deciding a motion to dismiss, the court is not limited to the facts alleged in the complaint but may take a 'common sense' approach to determine what materials may be considered.")

Review of the Notice of Default demonstrates strict compliance with Paragraph 22 of Plaintiff's mortgage. In *Martins v. Fed. Hous. Fin. Agency*, 214 F. Supp. 3d 163 (D.R.I. 2016), the Rhode Island federal court concluded that a mortgage's notice of default is a condition precedent to foreclosure requiring strict compliance. To review whether a notice was strictly compliant, the court compared the servicer's notice of default with the paragraph 22 disclosures contained in the mortgage. *Id.* at 169-70. Here, plaintiff's mortgage states, in pertinent part:[2]

> 22. **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument… The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to the Borrower, by which the default may be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.

(*Exhibit A*. at ¶ 22.)

Bayview sent Plaintiff a NOTICE OF DEFAULT AND INTENT TO ACCELERATE on December 2, 2016. (*Exhibit B*.) Review of the face of the Notice of Default demonstrates

---

[2] Judicial notice of the Plaintiff's mortgage is likewise appropriate because Plaintiff refers to this document repeatedly in the complaint, including at ¶¶ 12-14. *See Trombley v. Bank of Am. Corp.*, 715 F. Supp. 2d 290, 292 (D.R.I. 2010).

compliance with the disclosures of Paragraph 22 of Plaintiff's mortgage. The notice states (a) that the Plaintiff is in default, (b) the amount to be paid in order to cure the default, (c) January 6, 2017 (more than 30 days from the date of the notice) as the date by which the Plaintiff must cure the default, and (d) the consequences if the default is not cured, including acceleration of amounts due under the terms of the Plaintiff's loan. (*Id.* at p. 1.) The notice further states that the Plaintiff has the right to reinstate the loan after acceleration and to bring a court action to assert the non-existence of a default. (*Id.* at p. 2.) Matching the disclosures provided to Plaintiff in the Notice of Default against the required disclosures of Paragraph 22 in Plaintiff's mortgage demonstrates strict compliance. A comparison of these two documents refutes the allegations and assertions Plaintiff presents in the complaint so that this case cannot survive review under Fed. R. Civ. P. 12(b).

2. <u>Plaintiff's Receipt of the Notice of Default is Irrelevant.</u>

Plaintiff claims that he "has no record, memory or evidence of receiving a default letter." (Opposition, ECF No. 14 at p. 3.) Plaintiff's purported non-receipt of the default letter does not provide grounds to argue that the notice was not sent. Paragraph 15 of the Plaintiff's mortgage provides, in pertinent part, as follows:

> Any notices to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender.

(Mortgage, Ex. A at ¶ 15.)

Here, the face of the Notice of Default demonstrates delivery via first class mail to the address of the subject property. The Notice of Default plainly complies with the terms of the mortgage and there is a presumption that the Notice of Default was properly sent. In *Pigeon v. Mortg. Elec. Regis. Systems, Inc.*, No. PC 2011-2782, 2013 WL 486874, at *3 (R.I. Super. Feb. 5, 2013) (Rubine, J.), the Superior Court concluded that where a mortgage document provides that

4

1020660\305329076.v1
1020660\305563571.v1

notice of default must be sent via first class mail, then the mortgagee has complied with this requirement as soon as it provides a receipt proving that it placed the notice in the mail, even if the mail comes back unopened. Justice Rubine found that borrowers received constructive notice of their default despite that they did not personally receive the notices, because the terms of the mortgage provided that "notice to [Plaintiffs] in connection with this [Mortgage] shall be deemed to have been given to [Plaintiffs] when mailed by first class mail." *Id.* In general, Rhode Island law provides that "[p]roof that a letter has been mailed, properly directed to a person, is presumptive proof that the letter has been received by such person." *Westerly Trucking Co. v. Nardone*, C.A. No. 75-048, 1985 R.I. Super. LEXIS 235, at *8 (R.I. Super. Aug. 6, 1985) (Carrellas, J.). Proof of receipt by the Plaintiff is therefore not required to establish that the Notice of Default was sent in compliance with terms of the mortgage contract. The Plaintiff has introduced no argument here to challenge Defendants' compliance with Paragraph 22 of the mortgage.

## CONCLUSION

For the foregoing reasons, and substantially for those stated in their Motion to Dismiss, Defendants Federal Home Loan Mortgage Corporation and Federal Housing Finance Agency request that this Court allow their motion seeking the dismissal of Plaintiff Julio Colon's complaint.

1020660\305329076.v1
1020660\305563571.v1

Respectfully submitted,

FEDERAL HOME LOAN MORTGAGE
CORPORATION and FEDERAL HOUSING
FINANCE AGENCY

By: Their Attorneys

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha, Bar No. 7075
HINSHAW & CULBERTSON LLP
56 Exchange Terrace
Providence, RI 02903
Phone: 401-751-0842
Fax: 401-751-0072
E-mail: sbodurtha@hinshawlaw.com

Dated:    April 15, 2020

**CERTIFICATE OF SERVICE**

I, Samuel C. Bodurtha, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 15, 2020.

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha, Bar #7075

1020660\305329076.v1
1020660\305563571.v1