UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                         )
JULIO COLON,                             )
                                         )
          Plaintiff,                     )
                                         )
     v.                                  )
                                         )   C.A. No. 19-517 WES
                                         )
BAYVIEW LOAN SERVICING, LLC,             )
FEDERAL HOME LOAN MORTGAGE               )
CORPORATION, and FEDERAL HOUSING         )
FINANCE AGENCY,                          )
                                         )
          Defendants.                    )
_____ )


**<u>MEMORANDUM AND ORDER</u>**

WILLIAM E. SMITH, District Judge.

     Before the Court are two Motions to Dismiss: one filed by

Defendants Federal Housing Finance Agency ("FHFA") and Federal

Home Loan Mortgage Corporation ("Freddie Mac"), ECF No. 6, and one

filed by Defendant Bayview Loan Servicing, LLC ("Bayview"), ECF

No. 9.  For the reasons set forth below, the Court GRANTS both

Motions.

I.   Background

     On October 29, 1998, Plaintiff became the owner of a property

located at 34 Rutland Street, Woonsocket, Rhode Island (the

"Property").  Complaint ("Compl.") ¶ 11, ECF No. 1-1.  Plaintiff

took out a mortgage ("Colon mortgage") on the Property on November

20, 2007, from Washington Mutual Bank in the sum of $170,000, which was recorded in the City of Woonsocket Clerk's Office Land Evidence Records ("Woonsocket Records") on December 17, 2007. Id. ¶ 12.  On October 7, 2014, the Federal Deposit Insurance Corporation ("FDIC"), acting as receiver for Washington Mutual Bank, assigned the Colon mortgage to JPMorgan Chase Bank, N.A. ("JPMorgan"), and, on the same day, JPMorgan assigned the mortgage to Freddie Mac[1] -- both transactions were recorded in the Woonsocket Records on October 21, 2014.[2]  Id. ¶¶ 16-17.

On March 28, 2018, Colon filed for Chapter 7 bankruptcy; in his bankruptcy petition he identified an ownership interest in the Property, disclosed Bayview's mortgage claim on the Property, and stated that the Property had been vacant since May 2017.  Mem. of Law in Supp. of Defs.' Federal Housing Finance Agency and Federal Home Loan Mortgage Corporation's Mot. to Dismiss ("FHFA Mot. to Dismiss") Ex. B, at pp. 11, 19, 42[3], ECF No. 6-3.

-----

[1]    In 2008, Freddie Mac was placed under the conservatorship of FHFA.  Compl. ¶ 15.

[2]    The Complaint also states that on June 30, 2016, JPMorgan assigned the Colon mortgage to Bayview, but the assignment was void because JPMorgan had previously assigned the Colon Mortgage to Freddie Mac "and so had nothing to assign." Id. ¶ 18.

[3]    This Court may take judicial notice of documents filed in other judicial proceedings. See Burns v. Conley, 526 F. Supp. 2d 235, 241 (D.R.I. 2007) ("Per its discretion, the court takes judicial notice of documents taken from public record that have been brought to the attention of the court in the complaint and the pleadings."); see also Kowalski v. Gagne, 914 F.2d 299, 305

On or about November 15, 2018, Bayview, acting as servicer of the mortgage on behalf of FHFA and Freddie Mac, sent a Notice of Mortgagee's Foreclosure Sale to Plaintiff. Compl. ¶ 19. The Property was then sold at a foreclosure sale in January 2019. Id. ¶ 20.

On March 29, 2019, Plaintiff filed the Complaint in Providence County Superior Court, which Defendants removed to this Court in September 2019. ECF Nos. 1-1, 1-2. In his Complaint, Plaintiff alleges that: (1) Defendants violated his Fifth Amendment procedural due process rights by foreclosing and selling the property without providing an opportunity for meaningful hearings; and (2) Defendants breached the mortgage contract when they failed to provide proper Notice of Default. Compl. ¶ 1, 22-25, 30-31, 55-59.

II.  Standard of Review

In deciding these Motions, the Court must determine "whether – taking the facts pled in the Complaint as true and making all reasonable inferences in favor of the plaintiff – he has stated a claim that is 'plausible on its face.'" Doe v. Brown Univ., 166 F. Supp. 3d 177, 184 (D.R.I. 2016) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "When considering a motion to dismiss for

_____

(1st Cir. 1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand.").

failure to state a claim, a court must first cast aside conclusory statements and recitals of elements." Coccoli v. D'Agostino, C.A. No. 19-489 WES, 2020 WL 1848032, *2 (D.R.I. Apr. 13, 2020) (citation omitted).   It must then accept well-pleaded facts, "draw[ing] all reasonable inferences therefrom in the pleader's favor." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (quoting Santiago v. Puerto Rico, 655 F.3d 61, 72 (1st Cir. 2011)).   If the surviving factual matter states a plausible claim for relief, then the motion must be denied. See Sepúlveda-Villarini v. Dep't of Educ. of Puerto Rico, 628 F.3d 25, 29 (1st Cir. 2010).

III.  Discussion

    In their Motion to Dismiss, FHFA and Freddie Mac argue that "[t]he doctrine of judicial estoppel precludes Colon from pursuing his present claims because he previously surrendered all rights to the Property in connection with a Chapter 7 bankruptcy petition."[4] FHFA Mot. to Dismiss 4.   Plaintiff does not respond to this argument in his Objection to Defendants' Motion to Dismiss ("Pl. Obj."). ECF No. 13. Instead, Plaintiff focuses on the argument that he did not receive a Notice of Default, and that therefore

---

[4] Bayview also incorporates this argument, inter alia, in its Motion to Dismiss.   Mem. of Law in Supp. of Def. Bayview Loan Servicing, LLC's Mot. to Dismiss ("Bayview Mot. to Dismiss") 1, ECF No. 9-1.

Defendants did not comply with Paragraph 22 of the mortgage contract. <u>See</u> <u>generally</u> Pl. Obj.

Judicial estoppel, in general, means that "where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position[.]" <u>New Hampshire v. Maine</u>, 532 U.S. 742, 749 (2001)(quoting <u>Davis v. Wakelee</u>, 156 U.S. 680, 689 (1895). Courts look at three factors to determine whether to apply judicial estoppel:

> "First, a party's later position must be clearly inconsistent with its earlier position . . . Second . . . whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled . . . A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."

<u>Id.</u> at 750-51 (internal citations and quotation marks omitted). As part of Plaintiff's Chapter 7 bankruptcy petition in 2018, Plaintiff surrendered his rights to the Property and stated that the property was vacant because he and his family had moved out in May 2017. FHFA Mot. to Dismiss Ex. B, at pp. 11, 19, 42. In this lawsuit though, Plaintiff implicitly claims an ownership interest in the property as the basis for challenging the foreclosure. <u>See</u> <u>generally</u> Compl.; Pl. Obj. The criteria for

applying judicial estoppel is met here: these two positions are inconsistent, accepting both these positions would give the appearance that one of the courts involved was misled, and doing so would also provide an unfair advantage to Plaintiff. See Maine, 532 U.S. at 750-51.

Courts in other jurisdictions have held that a debtor cannot abandon property in a bankruptcy proceeding and then turn around and claim an ownership interest in that same property. See In re Failla, 838 F.3d 1170, 1178 (11th Cir. 2016) ( "[Plaintiffs] may not say one thing in bankruptcy court and another thing in state court. . . . In bankruptcy, as in life, a person does not get to have his cake and eat it too.") (internal citation omitted); see also Ibanez v. U.S. Bank Nat. Ass'n, 856 F. Supp. 2d 273, 275-76 (D. Mass. 2012) (holding that plaintiff was judicially estopped from "invoking the wrongful foreclosure of the same property that he surrendered in the Bankruptcy Court in exchange for the discharge of his debts.").

This Court agrees with Defendants that Plaintiff is judicially estopped from claiming that the foreclosure of his property was constitutionally and contractually defective. Therefore, this Court need not address Bayview's other arguments for dismissal – that Bayview is not a party to the mortgage

contract with Plaintiff, and that Plaintiff failed to serve Bayview.[5]  Bayview Mot. to Dismiss 2-3.

IV.  Conclusion

For the reasons set forth above, the Court GRANTS the Motion to Dismiss filed by Defendants FHFA and Freddie Mac, ECF No. 6, and the Motion to Dismiss filed by Bayview, ECF No. 9.


IT IS SO ORDERED.

_____
William E. Smith
District Judge
Date: June 8, 2020

---

[5]   Although it does appear from the record that Plaintiff did not serve Bayview, which is grounds for dismissal under Fed. R. Civ. P. 12(b)(4) and (12(b)(5); see ECF No. 1-3.

7